**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SHARON LYN SIZELOVE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO.  CIV-11-0230-HE |
| ) | |
| WOODWARD REGIONAL a trade ) | |
| name for WOODWARD HEALTH ) | |
| SYSTEMS, L.L.C., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff Sharon Lyn Sizelove sued Woodward Regional Hospital ("Hospital"), Community Health Systems, Inc. ("CHSI") and Community Health Systems Professional Services Corporation ("CHSPSC"), alleging she was terminated in violation of the Age Discrimination in Employment Act ("ADEA").  She also asserts state law claims for age discrimination, negligent training, supervision and retention, and intentional infliction of emotional distress.  Plaintiff alleges she was employed by the Hospital, which is "owned and operated by consolidated companies CHS and CHSPSC."  Amended Complaint, ¶ 8. Defendants CHSI and CHSPSC have filed a motion to dismiss, which the court concludes should be granted in part and denied in part.

Personal Jurisdiction over CHSI

Defendant CHSI contends its contacts with the state of Oklahoma are insufficient to provide a basis for the court to exercise either general or specific jurisdiction over it. Defendant relies on the affidavit of Ben Fordham, the vice president and chief litigation

counsel for CHSPSC, who describes the relationship between CHSI and the Hospital.  He states that CHSI is a holding company which has no employees but which, through subsidiaries, indirectly owns more than 120 hospitals nationwide.  According to Mr. Fordham, CHSI does not control the Hospital's day-to-day operations or its personnel decisions.  He states that CHSI does not conduct business in Oklahoma, does not have a registered service agent in the state and has no property or employees here.

Plaintiff attempts to establish a link between CHSI and the Hospital through the Hospital's Employee Handbook, which states that the Hospital is "currently owned and operated by Community Health Systems."  Plaintiff's Exhibit 1, p. 2.  She asserts the handbook directs employees to CHSI's website, which states that the "terms 'CHS' or the 'Company' as used in this website refer to Community Health Systems, Inc. and its affiliates ...."  Plaintiff's Exhibit 2.  Plaintiff claims the website indicates that CHSI and CHSPSC are the alter ego of each other[1] and share the same corporate office, telephone number, board of directors and corporate governance.   She also cites the failure of counsel for CHSPSC to suggest that CHSI was not plaintiff's employer even though plaintiff sent him a copy of her EEOC charge which named CHSI as a respondent.

The standard for determining the existence of in personam jurisdiction is well established.  To obtain personal jurisdiction over a nonresident defendant in a diversity

---

[1] *The website does not substantiate plaintiff's assertion that CHSI and CHSPSC operate as alter-egos and plaintiff did not plead that CHSI was the alter ego of CHSPSC or the Hospital.  She identifies defendants in her amended complaint as separate entities. Amended Complaint, ¶ 2. The crux of plaintiff's argument in her brief is that CHSI is subject to the court's jurisdiction because it owns the hospital, not because it is a parent company of, or otherwise related to, the Hospital.*

action, plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the Due Process clause of the Fourteenth Amendment. Kuenzle v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 455 (10th Cir. 1996). As Oklahoma permits the exercise of jurisdiction to the full extent allowed by the Constitution, the question becomes whether maintenance of the suit satisfies due process requirements. Kennedy v. Freeman, 919 F.2d 126, 128 (10th Cir. 1990). Due process is not offended by the exercise of jurisdiction over a nonresident defendant so long as that defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).

A court may exercise general or specific jurisdiction over a company. *See* Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1418 (10th Cir. 1988). Jurisdiction is specific if the suit arises out of or is related to the defendant's contacts with the forum state. *Id.* Jurisdiction is general if it does not arise directly from a defendant's forum-related activities, but is based on the defendant's general presence or accumulated contacts with the forum state. Kuenzle, 102 F.3d at 455–56 ("Where '[g]eneral jurisdiction lies . . . the state may exercise personal jurisdiction over the defendant, even if the personal jurisdiction is unrelated to the defendant's contacts with the state.'") (quoting Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1533 (10th Cir. 1996). Plaintiff does not specify whether she is asserting the court has specific or general jurisdiction over CHSI. The court assumes, based

on her brief, that she is relying on both.

Whether a nonresident company has the necessary minimum contacts with the forum state is decided on the particular facts of each case and plaintiff has the burden of establishing the jurisdictional facts. Kuenzle, 102 F.3d at 456. When the jurisdictional question is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing; all factual disputes are resolved in the plaintiff's favor. Bell Helicopter Textron, Inc. v. Heliqwest, Ltd., 385 F.3d 1291, 1295 (10th Cir. 2004). Plaintiff asserts she has met made the required prima facie showing but asks, if the court determines the existing record is inadequate to support personal jurisdiction, to allow her to conduct limited discovery on the issue.

Plaintiff has not satisfied her minimal burden of demonstrating that CHSI is subject to the court's jurisdiction because it was her employer. Although any fact dispute would be resolved in her favor, plaintiff has not demonstrated a factual dispute exists regarding whether CHSI owned the Hospital. What she has done is blur the distinction between Community Health Systems, Inc. and Community Health Systems. To the extent a question existed as to the relationship between defendant Community Health Systems, Inc. and the Hospital, based on the handbook, it was resolved by plaintiff's own exhibit – the CHS webpages attached to her brief. The website makes clear that "CHS" refers to defendant Community Health Systems, Inc. and its affiliated companies or subsidiaries which own and lease hospitals. Immediately after defining the term "CHS," the webpage states: "The term 'facilities' refers to entities owned or operated by subsidiaries or affiliates of Community

Health Systems, Inc.  References herein to 'CHS employees' or to 'our employees' refer to employees of affiliates of CHS Inc."  Plaintiff's Exhibit 2.  CHSI clearly is a holding or parent company of the Hospital, but not its direct owner.  Plaintiff has not argued or demonstrated that that relationship, alone, is sufficient to provide the court with jurisdiction over CHSI.

Plaintiff has not made the required prima facie showing of personal jurisdiction to defeat CHSI's motion.  Normally the court would allow jurisdictional discovery.  However, plaintiff has not offered any basis for the court to conclude that such discovery would be other than a fishing expedition.[2]  Therefore, plaintiff's claims against CHSI will be dismissed for lack of in personam jurisdiction.

Subject Matter Jurisdiction over CHSPSC

CHSPSC contends plaintiff cannot assert an ADEA claim against it because she failed to exhaust her administrative remedies.  As plaintiff did not name CHSPSC in the Charge of Discrimination and the right to sue notice was not issued to it, CHSPSC asserts the court must dismiss it from the law suit for lack of subject matter jurisdiction.  Plaintiff responds that she did specifically name CHSI in her EEOC charge and that substantial identity exists between CHSI and CHSPSC.  She also notes that she sent Rhea Garrett, CHSPSC's

---

[2]*The legal disclaimer connected to the CHS website provides further support for the court's conclusion that no basis exists for subjecting CHSI to suit in Oklahoma.  The court was unable to locate the disclaimer defendants referred to in their reply brief until plaintiff specified the link in her surreply.*

corporate in-house counsel, a copy of her EEOC charge.[3]

"[O]mission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII." Romero v. Union Pac. R.R., 615 F.2d 1303,1311 (10th Cir. 1980). Factors pertinent to the court's evaluation of the effect of a part's failure to name a party in her EEOC charge include:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party

Id. at 1312.

Considering these factors in light of the parties' arguments and evidence, the court concludes Plaintiff has not met her burden of showing she exhausted her administrative remedies as to CHSPSC. See Tucker v. Colorado Dep't of Pub. Health and Env't, 104 Fed.Appx. 704, 709 (10th Cir. 2004) (unpublished) ("'Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under Title VII. The burden of establishing jurisdiction rests squarely on the shoulders of the party claiming it.") (internal citation and quotations omitted). The principal stumbling block is that plaintiff has not explained the relationship between the Hospital and CHSPSC or even the relationship between CHSPSC

---

[3]*While Mr. Garrett apparently is counsel for CHSPSC, defendants' reply, p. 9, the letter was addressed to him as counsel for CHSI.*

and CHSI.[4]  The court might have found that naming the Hospital was sufficient to provide CHSI with notice of the charge, particularly since CHSI was referenced in the description of plaintiff's claim.  However, it cannot conclude that naming CHSI put CHSPSC on notice that it could be named as a defendant in a later lawsuit. Plaintiff's counsel had several email exchanges with counsel for CHSPSC in July, 2010, plaintiff's Exhibit 6, a couple of weeks after she filed her charge.  Yet she did not amend her July 13, 2010, charge to name CHSPSC and did not refer to CHSPSC in her amended charge, filed November 19, 2010.  Defendants' Exhibit 3.

Exhaustion of administrative remedies is a jurisdictional prerequisite to filing an action under the ADEA.  <u>Shikles v. Sprint/United Mgmt. Co.</u>, 426 F.3d 1304, 1306 (10th Cir. 2005.  As plaintiff did not exhaust her ADEA claim against defendant CHSPSC, it must be dismissed.

The parties did not discuss the effect of the dismissal of plaintiff's ADEA claim on her remaining state law claims against CHSPSC.  The court will assume a basis for jurisdiction exists and proceed to consider CHSPSC's Fed.R.Civ.P. 12(b)(6) challenge to plaintiff's remaining claims.

<u>Failure to State Claim</u>

When considering whether a claim should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most

---

[4] *CHSPSC's position in the CHS organization is not apparent from the CHS website. CHSPSC also does not discuss its relationship with the other defendants in its brief or submissions.*

favorable to plaintiff as the nonmoving party. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir.2007). The question is whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The complaint must provide sufficient factual allegations to "raise a right to relief above the speculative level." Id. at 555. Considering the plaintiffs's claims under this standard, the court concludes her state law based age discrimination claim is sufficiently pleaded, but her negligence and intentional infliction of emotional distress claims are not.

Plaintiff's factual allegations are too sparse to state a claim for negligent training, supervision and retention. She also has not cited any case recognizing such a claim in circumstances similar to those alleged here. Plaintiff will not be allowed to pursue such a claim unless it has both a factual and legal basis.

Plaintiff's allegations supporting her intentional infliction of emotion distress claim are similarly deficient. The tort, also referred to as the tort of outrage, is governed by the narrow standards of the Restatement (Second) of Torts § 46(1), which provides: "'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.'" Computer Publ'ns, Inc. v. Welton, 49 P.3d 732, 735 n.2 (Okla.2002) (quoting Restatement (Second) of Torts § 46 (1977)). Defendants' alleged actions fall far short of the level of conduct required to impose liability for intentional infliction of emotion distress.

Accordingly, defendants' motion to dismiss [ Doc. # 27] is **GRANTED IN PART**

and **DENIED IN PART**.  The motion is **GRANTED** as follows: plaintiff's claims against defendant  Community Health Systems, Inc. are dismissed for lack of personal jurisdiction, her ADEA claim against defendant Community Health Systems Professional Services Corporation is dismissed for lack of subject matter jurisdiction, and her negligent training, supervision and retention and intentional infliction of emotional distress against Community Health Systems Professional Services Corporation are dismissed for failure to state a claim. Defendants' motion is **DENIED** with respect to plaintiff's state law age discrimination claim against Community Health Systems Professional Services Corporation.

   **IT IS SO ORDERED**.

   Dated this 25th day of October, 2011.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE